*DREUX* vs. *HIS CREDITORS.*

DREUX
*vs.*
HIS CREDITORS

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. At a meeting of the creditors of the insolvent, before a notary, two persons, viz:— L. Wiltz, and Ls. De. Ferrit, were appointed syndics by an apparent majority of the voters. An opposition was subsequently filed in the court where the proceedings originated, stating that the nomination was irregular, and that the persons really appointed, were Jaques Dreux, and Pierre Lacoste. This opposition being sustained, so far as it respected Feit, rrby the Judge of the first instance, this appeal was taken from his decision.

The ten days allowed by law for filing an opposition to the appointment of syndics to an insolvents estate commence running from the day on which the proceedings, had before the notary for that purpose, were closed.

The first question which the cause presents is to the time when opposition should be made. The meeting of the creditors took place on the 7th of May, and the proceedings, which ended in the nomination of syndics, were closed on the same day. On the 12th a *proces verbal* of the deliberations was filed in court, and on the 19th the opposition was filed. This last step, it is contended, was irregular, as the law directs it shall be made within ten days from the appointment.

East'n District.
*Jan.* 1824.

DREUX
*vs.*
HIS CREDITORS

Our view of the case will be best understood by quoting the words of the statute, under which the present difficulty has arisen.    The act prescribes "that in case, after the appointment of syndics, any of the creditors of the insolvent debtor should deem necessary to oppose it, on the ground of some fraud having been committed by the said insolvent debtor, or of the appointment not having been legally made, he shall within *the ten days next following the appointment* of said syndics lay before the court, which has already taken cognisance of the case, his written deposition stating specially the several facts of nullity of said appointment."

Our enquiry then must be directed simply to ascertain when the syndics are appointed as it is clear that the delay to make opposition runs from that time.    We think the appointment takes place from the moment the will of the majority is pronounced, and that the legal proof of that fact, we consider to be the closing of the proceedings before the notary.    If we do not take this as the moment at which the nomination is made we have been unable to see at what other time it is effected, for if the syndics are not appointed then, they are

not so, at any future time, nothing further re-
maing to be done by those in whom the law
has vested the power of making the selection.
The statute has provided, in the section pre-
ceding that just quoted, that it shall no longer
be necessary to have the deliberation of credi-
tors in relation to syndics, homogolated. Noth-
ing therefore being required for the appoint-
ment, but an asserti n of the will of all the
creditors, or a majority of them, in the manner
prescribed by the act of the legislature, we are
bound to say the persons designated as syndics
are duly appointed the moment that will is
pronounced.

In opposition to the idea we have just ex-
pressed, it was urged in argument, that the de-
lay given to creditors to oppose the nomination
can only run from the time the proceedings are
returned into court, because no opposition can
be filed until that event takes place, and as ten
day may in many instances be too short a
time for the notary to copy the proceedings, or
as he may be prevented by sickness, or other
circumstances from doing so, the creditor
woul be deprived of an opportunity of mak-
ing opposition. This inconvenience, if it re-
ally existed, can but rarely happen in cases

East'nDistrict.
*Jan.* 1824.

DREUX
*vs.*
HIS CREDITORS

peculiarly circumstanced, and of course do not authorise us to take that now before us, in which no such accident has occured, out of the general rule. But the inconvenience is, in truth, altogether imaginary. The cause is pending before the court, while the proceedings are going on before the notary, who is for this purpose the officer of the tribunal in which the insolvent has filed his petition for relief. Nothing therefore prevents any creditor who is dissatisfied with the nomination, from filing his opposition within the legal delay, altho' the proceedings are not returned. It is no objection to such a measure that the court cannot act on it, until the *proces verbal* of the deliberation comes up, because this is but the commencement of a suit which is to be tried on the proof the parties shall afterwards introduce.

It is contended that the vote given by one of the creditors must be entirely disregarded, because it is not supported by such an oath, as the law requires If the vote was not accompanied by the proper evidence, it was *illegal,* and *illegalities* must according to the provisions of the act already cited, be opposed within ten days or we cannot notice them: if not

done within that time, it is the same thing as
if not done at all.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, that the opposition filed to the nomination of Leonard Wil'z, and L. de Ferrit, as syndics of the estate of Francois Dreux. be overruled, that the nomination of said Wiltz and Ferrit, as syndics to said estate, be confirmed, and that the appellee pay the costs of this appeal.

*Seghers* for the plaintiff, *Morel* for the defendant.